## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VIVIAN G. SORIANO NETO, )<br><br>Petitioner, )<br><br>v. )<br><br>JOHNNY CHOATE, in his official )<br>capacity as Warden, Aurora ICE )<br>Processing Center; ERNESTO )<br>SANTACRUZ, in his official capacity )<br>as Acting Field Office Director, U.S. )<br>Immigration and Customs )<br>Enforcement; PATRICIA HYDE, )<br>Director ICE Boston Field Office; )<br>KRISTI NOEM, U.S. Secretary of )<br>Homeland Security; in their official )<br>capacities, )<br><br>Respondents. )| C.A. No. 1:25-cv-00425-MSM-AEM |

### ORDER

Mary S. McElroy, United States District Judge.

The Petitioner, Vivian G. Soriano Neto, is currently detained at a United States Immigration and Customs Enforcement ("ICE") Contract Detention Facility in Denver, Colorado, pursuant to 8 U.S.C. § 1225(b)(1). The Petitioner, aged 18 years old, entered the United States from Honduras with her family when she was 10 years old. In March 2025, while she was enrolled in high school in Rhode Island, ICE arrested her based on pending Rhode Island criminal charges. In June 2025 she was transferred to the Colorado facility.

1

She filed the instant Petition under 28 U.S.C. § 2241(c)(5) to obtain a federal writ of habeas corpus *ad prosequendum* or *ad testificandum* so that she can be present for and assist with her defense in Rhode Island Superior Court. She currently has an appearance scheduled in that court for October 28, 2025. The Government has objected and seeks a denial of the Petition.

The primary issue is whether this Court has jurisdiction to issue a writ of habeas corpus to direct the warden of the federal facility in Colorado to bring the Petitioner to state court criminal proceedings in Rhode Island.

A writ of habeas corpus may be issued by a district court and extended to a prisoner "[i]f it is necessary to bring [her] into court to testify [ad testificandum] or for trial [ad prosequendum]." 28 U.S.C. § 2241(c)(5). "The writ is 'issued directly by a court of the jurisdiction where an indictment, information, or complaint has been lodged against the prisoner.'" *United States v. Kelly*, 661 F.3d 682, 686 (1st Cir. 2011) (quoting *Stewart v. Bailey,* 7 F.3d 384, 389 (4th Cir.1993)). "It operates as 'a court order requesting the prisoner's appearance to answer charges in the summoning jurisdiction.'" *Id.* Moreover, this authority has extraterritorial application. *Carbo v. United States*, 364 U.S. 611, 612, 620 (1961) (holding that a California federal court had authority to order a New York City prison office to produce a prison so that the individual could be brought to California to stand trial in federal court).

A writ of habeas corpus ad prosequendum "allows the issuing court to 'obtain temporary custody of the prisoner.'" *Kelly*, 661 F.3d at 686. Indeed, "[t]he nature of

the writ is such that the sending state retains full jurisdiction over the prisoner since the prisoner is only 'on loan' to the prosecuting jurisdiction." *Id.* (quotation omitted).

Federal courts have the power to issue writs of habeas corpus for a prisoner in federal custody at the request of state prosecutorial authorities. *See Barber v. Page*, 390 U.S. 719, 724 (1968). Here, the request is not made by state prosecutorial authorities but a "writ of habeas corpus ad prosequendum/testificandum" issued by the Rhode Island Superior Court. (ECF No. 11.) This implicates the long-standing principal of reciprocal comity between sovereigns in our dual system of justice. As the Supreme Court explained in *Ponzi v. Fessenden*, 258 U.S. 254, 260-62 (1922), the power to "lend" a prisoner from one sovereign to another arises from mutual respect and cooperation in the administration of justice. The Superior Court's writ here functions as a formal invocation of that comity and does not diminish federal authority; rather, it exemplifies the cooperative accommodation that the *Ponzi* Court deemed essential to ensuring that each sovereign may vindicate its own laws without undue interference from the other.

The Court therefore GRANTS the Petition (ECF No. 1) as follows: the Respondents are ORDERED to ensure that the Petitioner is transported and produced before the Rhode Island Superior Court in sufficient time to appear at her scheduled hearing on October 28, 2025, at 9:30 a.m. In the alternative, if such transportation cannot be arranged, Respondents shall release Petitioner no later than October 25, 2025, to permit her to make her own travel arrangements and to be personally present at the hearing.

IT IS SO ORDERED.

_____

Mary S. McElroy
United States District Judge

October 21, 2025