UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VIVIAN G. SORIANO NETO, )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>PATRICIA HYDE, et al., )<br>    Defendant. )<br> ) | C.A. No. 25-00425-MSM-AEM |

ORDER

Mary S. McElroy, United States District Judge.

The above-entitled matter came before this Court in August 2025 when Petitioner sought a writ of habeas corpus *ad prosequendum or ad testificandum* to allow her to "be present for and assist with her defense in Superior Court in Providence County in the State of Rhode Island, for her criminal court appearance" which was scheduled for October 2025. (ECF No. 1.) Petitioner, who had been detained by Immigration and Customs Enforcement ("ICE") in March 2025, was subsequently transferred to a Colorado ICE detention facility. That move made it impossible for her to adjudicate her pending state-court case and thus challenge her immigration detention. *Id.*

On October 21, 2025, this Court granted the Petitioner's motion and ordered that she be transported to her Rhode Island Superior Court hearing which was scheduled on October 28, 2025. ICE transferred the Petitioner to the Cumberland County Jail ("CCJ") in Portland Maine on October 24, 2025. She was brought to

Superior Court in Rhode Island for her scheduled appearance and was returned to the CCJ after her court hearing. Because she was expected to have additional hearings in that case the Court, on November 3, 2025, ordered that she not be removed from the Maine facility "without providing the Court with at least 72 hours advance notice of the move and the reason therefore.". That order has remained in effect since that day with the exception of the Court allowing the Respondents to transfer her from ICE custody to the temporary custody of the R.I. Sheriff for purposes of her Superior Court hearing on January 14, 2026. On January 22, 2026, the Court granted an assented-to motion for an amendment to the 72-hour order, which would allow ICE to freely transport the Petitioner, without notice, for purposes of her Superior Court case. (ECF No. 17.) That order reiterated the Court's previous 72-hour notice order but provided for a limited and temporary exception. That remained the only exception to this Court's 72-hour notice order in this case.

On January 22, 2026, at 5:31 p.m. the Respondents filed an Emergency Motion to Transfer requesting that the Court authorize the Petitioner's transfer "immediately to the ICE Boston Field Office, located at 1000 District Avenue, Burlington, Massachusetts 01803." (ECF No. 18.) Notably, in this filing the Respondents asserted that "**Petitioner is currently housed at the Cumberland County Jail, 50 County Way, Portland, ME 04102.**" The Respondents further stated to the Court that "ICE agency counsel advised immediately before this filing that the transfer from Cumberland County Jail is due to urgent operational needs, namely that ICE's Enforcement and Removal Operations can no longer house immigration

detainees at the Cumberland County Jail, and there is no additional available bed space in Maine in which to house the Petitioner. ICE's Enforcement and Removal Operations is seeking to transfer the Petitioner to the ICE Boston Field Office temporarily and on an emergency basis until more permanent bed space can be identified." (emphasis added) (ECF No. 18 at 1.)

At 10:52 p.m. on January 22, 2026, the Petitioner's attorney filed an objection to the Respondents' Motion and asked for an immediate hearing. The Court convened a hearing on January 23, 2006, at 11:30 a.m. After hearing argument from both sides, the Court denied the Respondents' Motion and ordered that, given the wholly unsuitable nature of the proposed facility, the Petitioner remain at the CCJ. The Court further ordered that "[i]f the Respondent concludes that it cannot continue to house the Petitioner at the Cumberland County Jail in Portland, Maine and cannot, with 72-hours' notice, house the Petitioner in any other appropriate facility, the Petitioner must be released on conditions of bail." That order was issued both orally at the emergency motion hearing held on January 23, 2026, and in the written text order issued at 12:09 p.m. on the same day.

The next morning it came to this Court's attention that the Respondents may have moved the Petitioner and other detainees from the facility in violation of this Court's orders. As a result, the Court ordered the Respondents to "provide a status report to the Court no later than 12:00 noon on January 26, 2026. That report must contain the following information: (1) the current location of the petitioner; (2) a listing of all movement of the petitioner on or after January 15, 2026 including, date,

time, and authorizing agent; (3) a detailed account of why the agency is no longer able to house detainees at the Cumberland County Jail as has been represented to this Court." That order was sent via email to counsel at 12:57 p.m. on January 24, 2026. At 5:12 p.m. on that same day, the Petitioner filed an emergency Motion seeking the Petitioner's immediate release and asserting that "Respondents violated the Court Order by transferring Petitioner from Cumberland County Jail without providing the required 72 hours' notice—or any notice whatsoever. Furthermore, Respondents transferred Petitioner to the ICE Field Office in Burlington, Massachusetts, the very facility this Court found to be 'a wholly unsuitable facility.'" (ECF No. 20, p. 2). Because of this assertion the Court ordered that the Petitioner be released no later than 9:00 p.m. that day and ordered the Respondents to provide the Court with a status report no later than 10:00 p.m. indicating that she has been released. The Court also ordered that the Respondents were not relieved of their requirement to provide the status report that had been ordered to be filed by 12:00 p.m. on January 26, 2026. At 7:50 p.m. the Respondents filed a status report noting simply that the Petitioner had been released.

On January 26, in response to the Court's order of a status report the Respondents produced ECF No. 22 and an attached affidavit filed under oath by Keith Chan the Assistant Field Office Director for the Burlington Massachusetts Field Office of ICE. The affidavit answers some, but crucially not all, of the questions that the Court posed in its text order of 12:57 p.m. January 24, 2026. Notably the

4

affiant failed to provide the name of the person who authorized the Petitioner's removal from the CCJ.

From this affidavit it seems clear to the Court that several of its orders have been violated and the Respondents misrepresented the facts to this Court in both its emergency filing and the hearing held by the Court. Specifically, the Respondents affirmed under oath that the Petitioner was removed from CCJ at 4:30 p.m. a full hour before they filed their motion seeking permission to remove her from that facility. Further she was removed and held at the facility that this Court held was wholly unsuitable. At the time of the hearing on the Respondents' Emergency Motion to Transfer the Court asked if the Petitioner was currently at the CCJ and the attorney for the Respondents indicated that it was his understanding when they filed the motion that she was at the CCJ. Clearly, she was not. Perhaps the most flagrant violation of this Court's order stems from the Respondents continuing to hold her after this Court's clear order after that hearing that "if the Respondent concludes that it cannot continue to house the Petitioner at the Cumberland County Jail in Portland, Maine and cannot, with 72-hours' notice, house the Petitioner in any other appropriate facility, **the Petitioner must be released on conditions of bail.**" Notwithstanding the clear language of that order the Petitioner continued to be held for more than twenty-four hours and was only released when the Petitioner's attorney discovered her whereabouts and appealed to the Court.

The Respondents are ordered to provide this Court with the following information no later than 12:00 p.m. on January 30, 2026:

1. The name, agency, and role, of any person who authorized or was aware of the movement of the petitioner from CCJ on January 22, 2026.

2. For those persons listed in answer 1, the date and time that they became aware of the movement of the Petitioner in violation of this Court's order.

3. The name of all persons who were notified of the outcome of this Court's January 23, 2026, hearing and the subsequent text order including the date, time, and person who informed them of the order.

4. Any and all communications relating to the decision to continue to hold the Petitioner after the January 23, 2026, hearing and order.

Based on the current record it seems clear that the Court can conclude that the Respondents willfully violated two of this Court's orders and willfully misrepresented facts to the Court on January 23, 2026. The Respondents are ordered to show cause as to why the Court should not conclude that these violations occurred and proceed accordingly.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

January 27, 2025